William P. Deni, Jr.
J. Brugh Lower
Stephen R. Donat
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BAUSCH & LOMB INCORPORATED; BAUSCH + LOMB IRELAND LIMITED; and EYE THERAPIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, INC.; and DR. REDDY'S LABORATORIES, LTD.<br><br>Defendants. | Civil Action No. 26-14597<br><br>*Document Electronically Filed* |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiffs Bausch & Lomb Incorporated, Bausch + Lomb Ireland Limited, and Eye Therapies, LLC (collectively, "Plaintiffs") by way of Complaint against Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (collectively, "Defendants") allege as follows:

**NATURE OF THE ACTION**

2. This is an action for infringement of United States Patent Nos. 12,311,050 ("the '050 Patent") and 12,514,857 ("the '857 Patent") (collectively, "the Asserted Patents"), arising under the United States patent laws, Title 35, United States Code, § 100 et seq., including 35 U.S.C. §§ 271 and 281, and for declaratory judgment of infringement under 28 U.S.C. §§ 2201

and 2202. This action relates to Defendants' filing of an Abbreviated New Drug Application ("ANDA") under Section 505(j) of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market its generic brimonidine tartrate preservative free ophthalmic solution, 0.025% ("Defendants' ANDA Product") prior to the expiration of the Asserted Patents.

## THE PARTIES

3. Plaintiff Bausch & Lomb Incorporated ("Bausch") is a corporation organized and existing under the laws of New York with a place of business at 1400 N. Goodman St. Rochester, NY 14609. Bausch is the registered holder of approved New Drug Application ("NDA") No. 218424, which covers Lumify® Preservative Free ophthalmic solution/drops (brimonidine tartrate, 0.025%).

4. Plaintiff Bausch + Lomb Ireland Limited ("Bausch Ireland") is a company organized and existing under the laws of Ireland, having its registered office at 3013 Lake Drive, Citywest Business Park, Dublin, Ireland. Bausch Ireland exclusively licenses the Asserted Patents.

5. Plaintiff Eye Therapies, LLC ("Eye Therapies") is a limited liability company organized and existing under the laws of Delaware, having its principal place of business at 26933 Camino De Estrella, 2nd Fl., Dana Point, California 92624. Eye Therapies is the owner of the Asserted Patents.

6. Upon information and belief, Dr. Reddy's Laboratories, Inc. ("DRL Inc.") is a corporation organized and existing under the laws of New Jersey with a principal place of business at 600 College Road East, Suite 400, Princeton, NJ 08540.

7. Upon information and belief, Dr. Reddy's Laboratories Ltd. ("DRL Ltd.") is a public limited company organized and existing under the laws of India, having its registered office at 8-2-337, Road No. 3, Banjara Hills, Hyderabad, Telangana 500034, India.

8. Upon information and belief, DRL Ltd. is the ultimate parent company of DRL Inc., and the acts complained of herein were done with the cooperation, participation, and assistance of one another. Further upon information and belief, DRL Inc. is the registered agent of DRL Ltd. in the United States, including before the FDA with respect to ANDA submissions.

9. Upon information and belief, Defendants submitted or caused to be submitted ANDA No. 221730 seeking approval to market Defendants' ANDA Product and intend to market the product upon approval.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

11. Upon information and belief, this Court has personal jurisdiction over DRL Inc. DRL Inc. is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, DRL Inc. directly or indirectly develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Defendants' ANDA Product. Upon information and belief, DRL Inc. purposefully has conducted and continues to conduct business in this judicial district. DRL Inc. is a New Jersey corporation having a principal place of business at 600 College Road East, Suite 400, Princeton, NJ 08540. Upon information and belief, DRL Inc is registered with the State of New Jersey's

Division of Revenue and Enterprise Services as a business operating in New Jersey with Business Identification Number 0100518911.

12. This Court also has personal jurisdiction over DRL Inc. by virtue of its having previously (a) not contesting or otherwise submitting to the jurisdiction of this Court and/or (b) availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction. *See, e.g., AbbVie Inc. et al v. Dr. Reddy's Lab'ys, Ltd. et al*, C.A. No. 3:25-cv-19039, D.I. 31 (D.N.J. Mar. 24, 2026); *Incyte Corp et al v. Dr. Reddy's Lab'ys, Inc. et al*, C.A. No. 1:25-cv-17832, D.I. 14 (D.N.J. Mar. 9, 2026); *Pharmacosmos A/S et al v. Dr. Reddy's Lab'ys, Inc. et al*, C.A. No. 2:25-cv-03967, D.I. 11 (D.N.J. July 14, 2025); *Aurinia Pharms. Inc. v. Dr. Reddy's Lab'ys, Inc. et al*, C.A. No. 2:25-cv-03693, D.I. 10 (D.N.J. July 7, 2025); *Impax Laby's, LLC v. Dr. Reddy's Lab'ys, Ltd. et al*, C.A. No. 2:24-cv-07875, D.I. 9 (D.N.J. Nov. 18, 2024); *American Regent Inc. v. Dr. Reddy's Lab'ys, Inc. et al*, C.A. No. 2:24-cv-07799, D.I. 16 (D.N.J. Aug. 27, 2024); *Vifor (Int'l.) AG et al v. Dr. Reddy's Lab'ys, Ltd.*, C.A. No. 3:24-cv-06833, D.I. 35 (D.N.J. Sept. 9, 2024).

13. Upon information and belief, DRL Inc derives substantial revenue from directly or indirectly selling generic pharmaceutical products and/or active pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this Judicial District.

14. Upon information and belief, DRL Inc. has taken the costly, significant step of applying to the FDA for approval to engage in future activities—including the marketing of Defendants' ANDA Product—that will be purposefully directed at, upon information and belief, the State of New Jersey and elsewhere. Further, DRL Inc.'s ANDA filings constitute formal acts that reliably indicate plans to engage in marketing of Defendants' ANDA Product. Upon

information and belief, DRL Inc. intends to direct sales of Defendants' ANDA Product into New Jersey, among other places, once it has the requested FDA approval to market them. Further upon information and belief, DRL Inc. will engage in marketing of Defendants' ANDA Product in New Jersey upon approval of their ANDA. Indeed, upon information and belief, DRL Inc. is registered as a drug manufacturer and distributor with the New Jersey Department of Health, having Registration No. 5002312.

15. Upon information and belief, this Court has personal jurisdiction over DRL Ltd. DRL Ltd. is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, DRL Ltd. directly or indirectly develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Defendants' ANDA Product. Upon information and belief, DRL Ltd. purposefully has conducted and continues to conduct business in this judicial district in concert with DRL Inc.

16. This Court also has personal jurisdiction over DRL Ltd. by virtue of its having previously (a) not contesting or otherwise submitting to the jurisdiction of this Court and (b) availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction. *See, e.g., AbbVie Inc. et al v. Dr. Reddy's Lab'ys, Ltd. et al*, C.A. No. 3:25-cv-19039, D.I. 31 (D.N.J. Mar. 24, 2026); *Incyte Corp et al v. Dr. Reddy's Lab'ys, Inc. et al*, C.A. No. 1:25-cv-17832, D.I. 14 (D.N.J. Mar. 9, 2026); *Pharmacosmos A/S et al v. Dr. Reddy's Lab'ys, Inc. et al*, C.A. No. 2:25-cv-03967, D.I. 11 (D.N.J. July 14, 2025); *Aurinia Pharms. Inc. v. Dr. Reddy's Lab'ys, Inc. et al*, C.A. No. 2:25-cv-03693, D.I. 10 (D.N.J. July 7, 2025); *Impax Laby's, LLC v. Dr. Reddy's Lab'ys, Ltd. et al*, C.A. No. 2:24-cv-07875, D.I. 9 (D.N.J. Nov. 18, 2024); *American Regent Inc. v. Dr. Reddy's Lab'ys, Inc. et al*, C.A. No. 2:24-cv-07799, D.I. 16 (D.N.J. Aug. 27,

2024); *Vifor (Int'l.) AG et al v. Dr. Reddy's Lab'ys, Ltd.*, C.A. No. 3:24-cv-06833, D.I. 35 (D.N.J. Sept. 9, 2024).

17. Upon information and belief, DRL Inc. and DRL Ltd. operate as interrelated corporate entities. As noted above (*supra* ¶ 8), upon information and belief, DRL Ltd. is the ultimate parent company of DRL Inc. Upon information and belief, DRL Inc. and DRL Ltd. each act as an agent of the other and work together to, *inter alia*, develop, manufacture, obtain regulatory approval for, market, sell, and distribute generic copies of branded pharmaceutical products throughout the United States, including in this judicial district.

18. Defendants know or should know Bausch is the NDA holder for Lumify® Preservative Free, at least because that information is publicly available on FDA's website.

19. Upon information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d), and § 1400(b).

20. Venue is proper against DRL Inc., a New Jersey corporation that resides in and maintains a regular and established place of business in this judicial district.

21. Venue is proper against DRL Ltd., a foreign corporation, in any judicial district that has personal jurisdiction, including this judicial district.

## THE PATENTS IN SUIT

22. The U.S. Patent and Trademark Office ("PTO") issued the '050 patent on May 27, 2025. The '050 patent, entitled "Vasoconstriction Compositions and Methods of Use," claims, generally speaking, *inter alia*, methods of administering brimonidine compositions. Plaintiffs hold all substantial rights in the '050 patent and have the right to sue for infringement thereof. A copy of the '050 patent is attached hereto as Exhibit 1.

23. The ’050 patent issued from U.S. Patent Application No. 18/315,353 (filed May 10, 2023), which is a continuation of U.S. Patent Application No. 17/476,104 (filed Sept. 15, 2021; now abandoned), which is a continuation of U.S. Patent Application No. 16/179,261 (filed Nov. 2, 2018; now abandoned), which is a continuation of U.S. Patent Application No. 12/460,967 (filed Jul. 27, 2009; now abandoned). The ’050 patent claims the benefit of priority to U.S. Provisional Patent Application Nos. 61/207,481 (filed Feb. 12, 2009), 61/203,120 (filed Dec. 18, 2008), 61/192,177 (filed Sept. 22, 2008), and 61/137,714 (filed Aug. 1, 2008).

24. The ’050 patent expires on July 27, 2029. It has been valid and enforceable at all times since it issued, and remains valid and enforceable.

25. The PTO issued the ’857 patent on January 6, 2026. The ’857 patent claims, generally speaking, *inter alia*, methods of administering brimonidine compositions. Plaintiffs hold all substantial rights in the ’857 patent and have the right to sue for infringement thereof. A copy of the ’857 patent is attached hereto as Exhibit 2.

26. The ’857 patent issued from U.S. Patent Application No. 18/643,253 (filed Apr. 23, 2024), which is a continuation of U.S. Patent Application No. 16/395,547 (filed Apr. 26, 2019; now U.S. Patent No. 11,992,488), which is a division of U.S. Patent Application No. 16/108,727 (filed Aug. 22, 2018; now U.S. Patent No. 12,246,013), which is a continuation-in-part of U.S. Patent Application No. 12/460,967 (filed Jul. 27, 2009; now abandoned). The ’857 patent claims the benefit of priority to U.S. Provisional Patent Application Nos. 61/207,481 (filed Feb. 12, 2009), 61/203,120 (filed Dec. 18, 2008), 61/192,177 (filed Sept. 22, 2008), and 61/137,714 (filed Aug. 1, 2008).

27. The ’857 patent expires on July 27, 2029. It has been valid and enforceable at all times since it issued, and remains valid and enforceable.

28. Bausch is the holder of NDA No. 218424 for Lumify® Preservative Free, which the FDA approved on April 19, 2024. In conjunction with NDA No. 218424, the ’050 and ’857 patents are listed in the FDA’s Approved Drug Products with Therapeutic Equivalence Evaluations (“the Orange Book”).

29. Brimonidine tartrate ophthalmic solution, 0.025%, is sold in the United States under the name Lumify® Preservative Free.

**DEFENDANTS’ INFRINGING ANDA SUBMISSION**

30. Upon information and belief, Defendants filed or caused to be filed with the FDA ANDA No. 221730 under Section 505(j) of the Act and 21 U.S.C. § 355(j).

31. Upon information and belief, Defendants’ ANDA No. 221730 seeks FDA approval to engage in commercial manufacture, use, and sale in the United States of Defendants’ ANDA Product, intended to be a generic version of Lumify® Preservative Free.

32. Plaintiffs received a letter from Defendants dated August 21, 2026, purporting to be a Notice of Paragraph IV Certification regarding ANDA No. 221730 (“Defendants’ Notice Letter”) under Section 505(j)(2)(B)(iv) of the Act and 21 C.F.R. § 314.95. Defendants’ Notice Letter was addressed to Bausch and Eye Therapies. Defendants’ Notice Letter is directed to U.S. Patent Nos. 8,293,742 (“the ’742 patent”), 11,596,600 (“the ’600 patent”), and 9,259,425 (“the ’425 patent”), which are not asserted in this action, and which does not provide notice of any Paragraph IV certification with respect to the ’050 or ’857 patents.

33. Defendants’ Notice Letter alleges that Defendants submitted ANDA No. 221730 to the FDA seeking approval to engage in the commercial manufacture, use, and/or sale of Defendants’ ANDA Product, intended to be a generic version of Lumify® Preservative Free.

34. Defendants' Notice Letter states that Defendants' "ANDA No. 221730 contains [the] required bioavailability and/or bioequivalence data or information" with respect to preservative-free brimonidine tartrate ophthalmic solution, 0.025%, for Defendants' ANDA Product.

35. Upon information and belief, ANDA No. 221730 seeks approval of Defendants' ANDA Product that is the same as, or substantially the same as, Lumify® Preservative Free.

36. Upon information and belief, Defendants' actions related to ANDA No. 221730 complained of herein were done at the direction of, with the authorization of, or with the cooperation, participation, or assistance of each other. Indeed, for instance, Defendants' Notice Letter defines DRL Inc. and DRL Ltd. collectively as "DRL" and states *inter alia* that "DRL has submitted to the U.S. Food & Drug Administration ("FDA"), in connection with DRL's Abbreviated New Drug Application No. 221730…a Paragraph IV Certification to obtain approval to engage in the commercial manufacture, use, or sale of DRL's proposed preservative-free brimonidine tartrate ophthalmic solution, 0.025%, before the expiration of" patents[1] listed in the Orange Book for Lumify® Preservative Free.

37. Defendants have not certified under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) against the '050 or '857 patents and have not provided Plaintiffs notice with respect to either Asserted Patent. Nonetheless, Defendants' Notice Letter, Defendants' ANDA submission, and applicable regulatory requirements demonstrate Defendants intend to commercialize Defendants' ANDA Product before the Asserted Patents expire. By seeking approval from the FDA "to engage in the

[1] These include the '742 patent, the '600 patent, and the '425 patent. The Orange Book entry for Lumify® Preservative Free indicates that the '742 and '425 patents have an expiration date of July 14, 2030, and that the '600 patent and the Asserted Patents have an expiration date of July 27, 2029.

commercial manufacture, use, or sale of DRL's" ANDA Product before the expiration of *inter alia* the'600 patent, which expires on July 27, 2029, Defendants seek approval to engage in the commercial manufacture, use, or sale of their ANDA Product before the July 27, 2029, expiration of the Asserted Patents. *See supra* n.1. Defendants have not represented to Plaintiffs that they will refrain from commercializing Defendants' ANDA Product before the Asserted Patents expire.

**COUNT I FOR PATENT INFRINGEMENT**
**Infringement of the '050 Patent Under § 271(e)(2)**

38. Paragraphs 1–37 are incorporated herein as set forth above.

39. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '050 patent, including for example claim 1, by submitting, or causing to be submitted to the FDA, ANDA No. 221730 seeking approval to manufacture, use, import, offer to sell and/or sell Defendants' ANDA Product, the use of which is claimed in the '050 patent, before the expiration date of the '050 patent. As noted above, although Defendants' Notice Letter is directed to the '742, '425, and '600 patents, by submitting the ANDA seeking approval "to engage in the commercial manufacture, use, or sale of DRL's" ANDA Product before the July 27, 2029, expiration of the '600 patent, Defendants also seek approval from the FDA to engage in the commercial manufacture, use, or sale of their ANDA Product before the expiration of the '050 patent.

40. Upon information and belief, Defendants' ANDA Product will, if approved and marketed, be used by healthcare professionals and/or patients in accordance with its labeling in a manner that infringes at least one claim, including claim 1, of the '050 patent.

41. The claims of the '050 patent are method claims directed to methods of administering brimonidine compositions, which are performed by healthcare professionals and/or patients. Upon information and belief, through the manufacture, use, import, offer for sale, and/or

sale of Defendants' ANDA Product, Defendants will induce infringement of, and contributorily infringe, at least one claim, including claim 1, of the '050 patent under 35 U.S.C. § 271(b) and (c).

42. Upon information and belief, Defendants know and intend that health care professionals and/or patients will use Defendants' ANDA Product according to Defendants' provided instructions and/or label, which affirmatively encourage and/or promote health care professionals and/or patients to take active steps in using Defendants' ANDA Product in a manner that will induce infringement of at least one claim, including claim 1, of the '050 patent with the requisite intent under 35 U.S.C. § 271(b).

43. Upon information and belief, upon approval, Defendants will take active steps to encourage, recommend, and/or promote the use of Defendants' ANDA Product by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim, including claim 1, of the '050 patent for the pecuniary benefit of Defendants. Upon information and belief, Defendants will thus induce infringement of at least one claim of the '050 patent with the requisite intent under 35 U.S.C. § 271(b).

44. Upon information and belief, Defendants' ANDA Product is especially made or especially adapted for use in practicing the methods claimed in at least claim 1 of the '050 patent, constitutes a material part of the claimed inventions, and is not a staple article or commodity of commerce suitable for substantial non-infringing use. Defendants know that Defendants' ANDA Product is especially made or adapted for use in infringing the '050 patent. Defendants will thus contributorily infringe at least one claim of the '050 patent under 35 U.S.C. § 271(c).

45. If Defendants' marketing and sale of Defendants' ANDA Product prior to the expiration of the '050 patent and all other relevant activities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

**COUNT II FOR PATENT INFRINGEMENT**
**Declaratory Judgment of Infringement of the '050 Patent**

46. Paragraphs 1–45 are incorporated herein as set forth above.

47. This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

48. An actual, substantial, and continuing justiciable controversy exists between Plaintiffs and Defendants concerning whether Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of Defendants' ANDA Product will infringe the '050 patent. This controversy is definite and concrete, touches the legal relations of parties with adverse legal interests, and is of sufficient immediacy and reality to warrant declaratory relief, for at least the reasons alleged in the following paragraphs of this Count.

49. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

50. Defendants have taken concrete, deliberate steps towards commercializing Defendants' ANDA Product in the United States before the '050 patent expires. Among other things, upon information and belief, Defendants have (a) prepared and filed with FDA ANDA No. 221730, which according to Defendants' Notice Letter, contains the required bioavailability and/or bioequivalence data for Defendants' ANDA Product; (b) submitted Paragraph IV certifications seeking approval effective before expiration of the '600 patent, which expires on July 27, 2029, the same date as the '050 patent; (c) identified, qualified, and/or contracted with manufacturing facilities and suppliers of brimonidine tartrate for commercial-scale production; and (d) states in

Defendants' Notice Letter that they seek FDA approval to engage in the commercial manufacture, use, or sale of DRL's proposed preservative-free brimonidine tartrate ophthalmic solution, 0.025%," before the expiration of Orange Book listed patents that, like the '050 patent, expire on July 27, 2029. Although Defendants have not certified against the '050 patent, Defendants' states intent to commercialize Defendants' ANDA Product before July 27, 2029 places Defendants planned conduct squarely within the term of the '050 patent.

51. Upon information and belief, Defendants intend to launch Defendants' ANDA Product commercially upon FDA approval, including at risk before expiration of the '050 patent. Defendants' commercial launch is thus not hypothetical or contingent on events within Plaintiffs' control. Rather, Defendants' intent to launch, manifested by the above identified concrete, deliberate steps taken by Defendants towards commercializing their ANDA Product, is of sufficient reality to warrant declaratory judgment. Defendants already have FDA approval of a generic version of Lumify®, which contains a preservative. Defendants' proposed ANDA Product lacks this preservative and, coupled with Defendants' submission of bioavailability data in their ANDA to show bioequivalence to Lumify® Preservative Free, creates an immediate and real justiciable controversy that Defendants' ANDA Product could be quickly approved for commercialization.

52. Defendants, moreover, have not represented to Plaintiffs that they will refrain from marketing Defendants' ANDA Product before the expiration of the '050 patent expires, or that they will refrain from inducing or contributing to infringement of the '050 patent. Plaintiffs contend that Defendants' commercialization of Defendants' ANDA Product before July 27, 2029 will infringe the '050 patent, and the parties thus have adverse legal interests regarding that patent.

53. The claims of the ’050 patent are method claims, performed by healthcare professionals and/or patients who administer brimonidine compositions. Upon information and belief, the proposed labeling for Defendants’ ANDA Product is required to be, and is, the same in all material respects as the approved labeling for Lumify® Preservative Free, except for perhaps differences permitted under 21 C.F.R. § 314.94(a)(8)(iv). The proposed label will instruct and encourage healthcare professionals and patients to administer Defendants’ ANDA Product, and administration in accordance with the labeling practices at least claim 1 of the ’050 patent.

54. Upon information and belief, Defendants know and intend that health care professionals and/or patients will use Defendants’ ANDA Product according to Defendants’ provided instructions and/or label, which affirmatively encourage and/or promote health care professionals and/or patients to take active steps in using Defendants’ ANDA Product in a manner that will induce infringement of at least one claim, including claim 1, of the ’050 patent with the requisite intent under 35 U.S.C. § 271(b). Defendants have had actual knowledge of the ’050 patent since at least the date it was listed in the Orange Book for Lumify® Preservative Free, and in any event no later than service of this Complaint. With that knowledge, Defendants will distribute Defendants’ ANDA Product with labeling that instructs the patented methods, with the specific intent that healthcare professionals and/or patients perform those methods.

55. Upon information and belief, Defendants’ ANDA Product is especially made or especially adapted for use in practicing the methods claimed in at least claim 1 of the ’050 patent and constitutes a material part of the claimed inventions. It is not a staple article or commodity of commerce suitable for substantial non-infringing use, because its only labeled use is administration in the manner claimed in the ’050 patent. Defendants know that Defendants’ ANDA Product is especially made or adapted for use in infringing the ’050 patent.

56. Upon information and belief, upon approval, Defendants will take active steps to encourage, recommend, and/or promote the use of Defendants' ANDA Product by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim, including claim 1, of the '050 patent for the pecuniary benefit of Defendants. Upon information and belief, Defendants will thus induce infringement of at least one claim of the '050 patent with the requisite intent under 35 U.S.C. § 271(b).

57. Defendants have not established, in their Paragraph IV Notice letter or elsewhere, that any express or implied license exists under the '050 patent.

58. Plaintiffs are entitled to a declaratory judgment that Defendants' future commercial manufacture, use, offer for sale, sale, and/or importation of Defendants' ANDA Product before expiration of the '050 patent will constitute infringement of at least one claim, including claim 1, of the '050 patent under 35 U.S.C. § 271(b) and/or (c) and that Defendants have no license, whether express or implied, under the '050 patent.

## COUNT III FOR PATENT INFRINGEMENT
### Infringement of the '857 Patent Under § 271(e)(2)

59. Paragraphs 1–58 are incorporated herein as set forth above.

60. Under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '857 patent, including for example claim 1, by submitting, or causing to be submitted to the FDA, ANDA No. 221730 seeking approval to manufacture, use, import, offer to sell and/or sell Defendants' ANDA Product, the use of which is claimed in the '857 patent, before the expiration date of the '857 patent. As noted above, although Defendants' Notice Letter is directed to the '742, '425, and '600 patents, by submitting the ANDA seeking approval "to engage in the commercial manufacture, use, or sale of DRL's" ANDA Product before the July 27, 2029, expiration of the'600

patent, Defendants also seek approval from the FDA to engage in the commercial manufacture, use, or sale of their ANDA Product before the expiration of the ’857 patent.

61. Upon information and belief, Defendants’ ANDA Product will, if approved and marketed, be used by healthcare professionals and/or patients in accordance with its labeling in a manner that infringes at least one claim, including claim 1, of the ’857 patent.

62. The claims of the ’857 patent are method claims directed to methods of administering brimonidine compositions, which are performed by healthcare professionals and/or patients. Upon information and belief, through the manufacture, use, import, offer for sale, and/or sale of Defendants’ ANDA Product, Defendants will induce infringement of, and contributorily infringe, at least one claim, including claim 1, of the ’857 patent under 35 U.S.C. § 271(b) and (c).

63. Upon information and belief, Defendants know and intend that health care professionals and/or patients will use Defendants’ ANDA Product according to Defendants’ provided instructions and/or label, which affirmatively encourage and/or promote health care professionals and/or patients to take active steps in using Defendants’ ANDA Product in a manner that will induce infringement of at least one claim, including claim 1, of the ’857 patent with the requisite intent under 35 U.S.C. § 271(b).

64. Upon information and belief, upon approval, Defendants will take active steps to encourage, recommend, and/or promote the use of Defendants’ ANDA Product by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim, including claim 1, of the ’857 patent for the pecuniary benefit of Defendants. Upon information and belief, Defendants will thus induce infringement of at least one claim of the ’857 patent with the requisite intent under 35 U.S.C. § 271(b).

65. Upon information and belief, Defendants' ANDA Product is especially made or especially adapted for use in practicing the methods claimed in at least claim 1 of the '857 patent, constitutes a material part of the claimed inventions, and is not a staple article or commodity of commerce suitable for substantial non-infringing use. Defendants know that Defendants' ANDA Product is especially made or adapted for use in infringing the '857 patent. Defendants will thus contributorily infringe at least one claim of the '857 patent under 35 U.S.C. § 271(c).

66. If Defendants' marketing and sale of Defendants' ANDA Product prior to the expiration of the'857 patent and all other relevant activities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT IV FOR PATENT INFRINGEMENT
### Declaratory Judgment of Infringement of the '857 Patent

67. Paragraphs 1–66 are incorporated herein as set forth above.

68. This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

69. An actual, substantial, and continuing justiciable controversy exists between Plaintiffs and Defendants concerning whether Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of Defendants' ANDA Product will infringe the '857 patent. This controversy is definite and concrete, touches the legal relations of parties with adverse legal interests, and is of sufficient immediacy and reality to warrant declaratory relief, for at least the reasons alleged in the following paragraphs of this Count.

70. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

71. Defendants have taken concrete, deliberate steps towards commercializing Defendants' ANDA Product in the United States before the '857 patent expires. Among other

things, upon information and belief, Defendants have (a) prepared and filed with FDA ANDA No. 221730, which according to Defendants' Notice Letter, contains the required bioavailability and/or bioequivalence data for Defendants' ANDA Product; (b) submitted Paragraph IV certifications seeking approval effective before expiration of the '600 patent, which expires on July 27, 2029, the same date as the '857 patent; (c) identified, qualified, and/or contracted with manufacturing facilities and suppliers of brimonidine tartrate for commercial-scale production; and (d) states in Defendants' Notice Letter that they seek FDA approval to engage in the commercial manufacture, use, or sale of DRL's proposed preservative-free brimonidine tartrate ophthalmic solution, 0.025%," before the expiration of Orange Book listed patents that, like the '857 patent, expire on July 27, 2029. Although Defendants have not certified against the '857 patent, Defendants' states intent to commercialize Defendants' ANDA Product before July 27, 2029 places Defendants planned conduct squarely within the term of the '857 patent.

72. Upon information and belief, Defendants intend to launch Defendants' ANDA Product commercially upon FDA approval, including at risk before expiration of the '857 patent. Defendants' commercial launch is thus not hypothetical or contingent on events within Plaintiffs' control. Rather, Defendants' intent to launch, manifested by the above identified concrete, deliberate steps taken by Defendants towards commercializing their ANDA Product, is of sufficient reality to warrant declaratory judgment. Defendants already have FDA approval of a generic version of Lumify®, which contains a preservative. Defendants' proposed ANDA Product lacks this preservative and, coupled with Defendants' submission of bioavailability data in their ANDA to show bioequivalence to Lumify® Preservative Free, creates an immediate and real justiciable controversy that Defendants' ANDA Product could be quickly approved for commercialization.

73. Defendants, moreover, have not represented to Plaintiffs that they will refrain from marketing Defendants' ANDA Product before the expiration of the '857 patent expires, or that they will refrain from inducing or contributing to infringement of the '857 patent. Plaintiffs contend that Defendants' commercialization of Defendants' ANDA Product before July 27, 2029 will infringe the '857 patent, and the parties thus have adverse legal interests regarding that patent.

74. The claims of the '857 patent are method claims, performed by healthcare professionals and/or patients who administer brimonidine compositions. Upon information and belief, the proposed labeling for Defendants' ANDA Product is required to be, and is, the same in all material respects as the approved labeling for Lumify® Preservative Free, except perhaps for differences permitted under 21 C.F.R. § 314.94(a)(8)(iv). The proposed label will instruct and encourage healthcare professionals and patients to administer Defendants' ANDA Product, and administration in accordance with the labeling practices at least claim 1 of the '857 patent.

75. Upon information and belief, Defendants know and intend that health care professionals and/or patients will use Defendants' ANDA Product according to Defendants' provided instructions and/or label, which affirmatively encourage and/or promote health care professionals and/or patients to take active steps in using Defendants' ANDA Product in a manner that will induce infringement of at least one claim, including claim 1, of the '857 patent with the requisite intent under 35 U.S.C. § 271(b). Defendants have had actual knowledge of the '857 patent since at least the date it was listed in the Orange Book for Lumify® Preservative Free, and in any event no later than service of this Complaint. With that knowledge, Defendants will distribute Defendants' ANDA Product with labeling that instructs the patented methods, with the specific intent that healthcare professionals and/or patients perform those methods.

76. Upon information and belief, Defendants' ANDA Product is especially made or especially adapted for use in practicing the methods claimed in at least claim 1 of the '857 patent and constitutes a material part of the claimed inventions. It is not a staple article or commodity of commerce suitable for substantial non-infringing use, because its only labeled use is administration in the manner claimed in the '857 patent. Defendants know that Defendants' ANDA Product is especially made or adapted for use in infringing the '857 patent.

77. Upon information and belief, upon approval, Defendants will take active steps to encourage, recommend, and/or promote the use of Defendants' ANDA Product by healthcare professionals and/or patients with the knowledge and intent that it will be used by healthcare professionals and/or patients in a manner that infringes at least one claim, including claim 1, of the '857 patent for the pecuniary benefit of Defendants. Upon information and belief, Defendants will thus induce infringement of at least one claim of the '857 patent with the requisite intent under 35 U.S.C. § 271(b).

78. Defendants have not established, in their Paragraph IV Notice letter or elsewhere, that any express or implied license exists under the '857 patent.

79. Plaintiffs are entitled to a declaratory judgment that Defendants' future commercial manufacture, use, offer for sale, sale, and/or importation of Defendants' ANDA Product before expiration of the '857 patent will constitute infringement of at least one claim of the '857 patent under 35 U.S.C. § 271(b) and/or (c) and that Defendants have no license, whether express or implied, under the '857 patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants on the patent infringement claims set forth above and respectfully request that this Court:

1. Enter judgment that the claims of the ’050 patent are not invalid and not unenforceable, and further that, under 35 U.S.C. § 271(e)(2), Defendants have infringed at least one claim of the ’050 patent by submitting or causing to be submitted ANDA No. 221730 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Defendants’ ANDA Product before the expiration of the ’050 patent;

2. Enter judgment that the claims of the ’857 patent are not invalid and not unenforceable, and further that, under 35 U.S.C. § 271(e)(2), Defendants have infringed at least one claim of the ’857 patent by submitting or causing to be submitted ANDA No. 221730 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Defendants’ ANDA Product before the expiration of the ’857 patent;

3. Order that pursuant to 35 U.S.C. § 271(e)(4) the effective date of any approval by the FDA of Defendants’ ANDA Product shall be a date that is not earlier than the expiration of the ’050 and ’857 patents, or such later date as the Court may determine;

4. Enjoin Defendants, their parent(s), affiliates, subsidiaries, and each of their officers, agents, servants, and employees, and those acting in privity or concert with them, from the commercial manufacture, use, import, offer for sale, and/or sale of Defendants’ ANDA Product until expiration of the ’050 and ’857 patents, or such later date as the Court may determine;

5. Enjoin Defendants, their parent(s), affiliates, subsidiaries, and each of their officers, agents, servants, and employees, and those acting in privity or concert with them, from seeking,

obtaining, or maintaining approval of ANDA No. 221730 until expiration of the ’050 and ’857 patents;

6. Declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs costs, expenses, and disbursements in this action, including reasonable attorney’s fees; and

7. Award Plaintiffs such further and additional relief as this Court deems just and proper.

Date: November 11, 2026
Newark, New Jersey

s/ William P. Deni, Jr.
William P. Deni, Jr.
J. Brugh Lower
Stephen R. Donat
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@fbtgibbons.com
jlower@fbtgibbons.com
sdonat@fbtgibbons.com

Bryan C. Diner
Justin J. Hasford
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

M. David Weingarten
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
271 17th St. NW
Suite 1400
Atlanta, GA 30306
(404) 653-6400

*Attorneys for Plaintiffs*

**CERTIFICATION OF NON-ARBITRABILITY**
**PURSUANT TO LOCAL CIVIL RULE 201.1(d)**

Pursuant to Local Civil Rule 201.1(d), the undersigned counsel hereby certifies that this action seeks declaratory and injunctive relief and, therefore, is not subject to mandatory arbitration.

I hereby certify under penalty of perjury that the foregoing is true and correct.

Date: November 11, 2026
Newark, New Jersey

s/ William P. Deni, Jr.

William P. Deni, Jr.
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@fbtgibbons.com

*Attorneys for Plaintiffs*